## Huston v. Park

*John W. Hodge*, for plaintiffs.
*Marvin A. Rupenberg*, for defendants.

CAIAZZA, J., November 15, 1984—This matter is before the court on plaintiffs' exceptions to a sheriff's schedule of distribution. Plaintiffs argue that the sheriff erred in adding the debtor's exemption to the cost of the sale of real estate when the property was purchased by the lien creditors only in the amount of the sheriff's costs. Plaintiffs maintain that when only costs are bid at the sheriff's sale by the lien creditor, there are no proceeds from which the debtor's exemption can be taken and that the exemption is not a cost of the sale.

Plaintiffs, as sellers, entered into an installment land contract with defendants, as buyers. Upon default by defendant, plaintiffs confessed judgment as

provided for in the contract. Plaintiffs, as lien creditors, appeared at the sheriff's sale, bid the costs of the sale, and then purchased the property.

42 Pa.C.S. §8123(a) provides:

General monetary exemption:

"(a) General Rule. In addition to any other property specifically exempted by this subchapter, property of the judgment debtor (including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor) to the value of $300 shall be exempt from attachment or execution on a judgment. Within such time as may be prescribed by general rules, the judgment debtor may claim the exemption in kind and may designate the specific items of property to which the exemption provided by this section shall be applicable unless the designated property is not capable of appropriate division, or the judgment debtor may claim the exemption in cash out of the proceeds of the sale."

The Pennsylvania Rules of Civil Procedure provides that if the property is not capable of division, such as real property, the sheriff shall set aside, the debtor's exemption from the proceeds of sale of the property. Pa.R.C.P. 3121(c). Pa.R.C.P. 3133 states:

"Whenever real or personal property sold on execution is purchased by the plaintiff or any other lien creditor entitled to receive all or part of the proceeds of the sale, the sheriff upon proof of that fact shall accept on account of the purchase price the receipt of the purchaser up to the amount of the proceeds to which he is entitled. The sheriff may require payment in cash of all legal costs distributable from the proceeds of the sale."

In addition, Pa.R.C.P. 3138(a), entitled sheriff's expenses and fees. Recovery as costs. Abandonment of writ for nonpayment, provides:

"(a) The plaintiff shall pay to the sheriff all costs, charges and expenses incident to the execution, the maintenance of the lien of the execution and the preservation of the property. These items shall be deemed taxable costs for refund to the plaintiff from the proceeds of any sale, except that the plaintiff shall not be entitled to recover the costs in connection with writs determined by the court to be unnecessary and oppressive."

The court finds that the statutory debtor's exemption should be included in the sheriff's expenses and fees. Notably, the statutory debtor's exemption provides that the three hundred dollar amount "shall be exempt from attachment or execution on a judgment." The statute goes on to provide that "the judgment debtor may claim the exemption in cash out of the proceeds of the sale." The court finds the debtor's exemption to be incident to the execution and maintenance of the lien in that it is only upon the sale of the property that defendant will be entitled to his statutory debtor's exemption.

This result may be obtained in the present case even though the sale did not produce an amount of money above the record costs. Since the lien creditors where the only bidders at the sheriff's sale they bid only the amount of the costs. In light of the strong protection afforded the debtor's exemption, Mayhugh v. Coon, 460 Pa. 128, 331 A.2d 452 (1975), It would be unrealistic to allow the lien creditor to avoid payment of the exemption by bidding an amount that would not provide for the debtor's exemption.

## ORDER OF COURT

Now, November 15, 1984, plaintiffs' exception to the sheriff's schedule of distribution is hereby de-

nied pursuant to the appended memorandum opinion.